**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JIMMIE G. HINTZ,** | ) | **CASE NO.  1:09CV1182** |
| | ) | **(1:05CR113)** |
| **Petitioner.** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **Respondent.** | ) | **AND ORDER** |

This case comes before the Court on Petitioner Jimmie G. Hintz's post-judgment "Motion for New Findings and/or Altering Judgment [as per Fed. R. Civ. P. 52(b) and 59]." (**ECF No. 135**.)  Hintz asks the Court to make new findings and alter its judgment denying his § 2255 motion because "[t]his Court misunderstood some of the factual situations underlying [his] claims/motions and misapprehended the applicable laws and rules pertaining to them."  (Id. at 1.)  The Motion is **DENIED** because Hintz is using this vehicle to make the same arguments he previously made – all of which were adequately addressed in the Court's 17-page September 28, 2009 Memorandum of Opinion and Order and were denied for the reasons articulated therein.  (ECF No. 132.)  The Court will just make a few general comments on Hintz's latest efforts to overturn his convictions.

The Court previously found that Hintz failed to show that his trial counsel was constitutionally ineffective.  Hintz now argues that, if trial counsel had effectively represented

him, the Court would have directed a verdict against the Government and trial counsel "would have won the case."  (Id. at 3-5.)  Unfortunately for Hintz, that's not how it works.  The Constitution guards against ineffective representation of a criminal defendant, it does not guarantee that defendant's acquittal.

Once again, Hintz challenges trial counsel's decision not to call Chris Lavy, the alleged getaway driver, at trial.  Hintz does not dispute that trial counsel interviewed both Lavy and co-defendant Jason Bricker before making the decision not to call Lavy.  Rather, Hintz argues that trial counsel should have arranged for immunity for Mr. Lavy so that he could testify at Hintz's trial that it was Lavy (not Hintz) who was the real getaway driver without incriminating himself.  It goes without saying that trial counsel does not have the power to "arrange for" immunity for Lavy or anyone else – only the government does.

In short, for reasons stated in the September 28, 2009 Memorandum of Opinion and Order (ECF No. 132), Hintz has failed to show that his trial and appellate counsel were constitutionally ineffective.  Accordingly, the post-judgment motion is hereby **DENIED**.

**IT IS SO ORDERED.**

 _/s/Dan Aaron Polster    November 18, 2009_
**Dan Aaron Polster**
**United States District Judge**

2